JOSEPHINE P. WALDRON *et al.* Admrs.

*v.*

CHARLES E. ALEXANDER.

*Filed at Ottawa May 14, 1890.*

CONTRACT—*for services, etc., to a third person.* A person engaged another to take care of a third person in his sickness, to furnish medicines, medical attendance, and pay all necessary expenses incident thereto. These services being rendered, and expenses incurred and paid, as agreed should be done, the person so employed would have his action therefor against the one so engaging his services, to recover for the services rendered and for the money expended in the execution of the purpose of the employment.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

Mr. A. J. Eddy, for the appellants.

Messrs. Cratty Bros. & Ashcraft, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

This was a claim filed in the probate court of Cook county, by appellee, against the estate of a deceased brother, Elijah S. Alexander, consisting of the following items:

| | |
|---|---:|
| August 20, 1885, money loaned - - - - - - | $ 300.00 |
| August 20, 1885, to moneys paid for funeral expenses and burial of Henry Alexander, deceased, a brother of deceased, and at special request of deceased - - | 175.00 |
| August 20, 1885, to moneys paid for medical services rendered to Henry Alexander, at the special request of deceased - - - - - - - - - - - - - | 313.00 |
| August 20, 1885, to moneys paid to various persons for nursing and caring for Henry Alexander, at the special request of the deceased - - - - - - | 639.50 |
| August 20, 1885, to moneys paid for medicine for Henry Alexander, at special request of deceased - | 168.40 |
| August 20, 1885, to services rendered in nursing and caring for Henry Alexander fourteen months, at the special request of the deceased - - - - - | 1,500.00 |
| April 1, 1887, to interest due upon above - - - - | 300.72 |
| Total due - - - - - - - - - - - - - | $3,396.62 |

The probate court allowed the claim to the amount of $1792. The claimant appealed to the circuit court, and there, on a trial before the court, a jury being waived, he recovered a judgment for $2400, and the administrators appealed. The Appellate Court for the First District affirmed the judgment below. The administrators again appeal.

Appellee resides near Brattleboro, Vermont. Deceased resided and died in the city of Chicago. Another brother, Henry Alexander, had been in ill-health for several years, and in June, 1884, became confined to his bed, in his father's house in Brattleboro, and continued so confined until he died, in August, 1885, requiring constant attention, nursing and medical treatment. It appears that he had no property of his own, and his parents were without means. Shortly after he became confined to his bed, Elijah, in answer to a message from the family, went to Brattleboro, and, as claimant insists, then agreed with him, if he would abandon an enterprise in the West which he contemplated, and remain East, and take care of the sick brother, he (Elijah) would pay him for such care, and would pay all expenses incurred by him by reason of such sickness; that in pursuance of that promise he did remain near such sick brother, and took care of and provided for him, and furnished all necessary medical attendance, nursing and medicines, expending therefor the amounts charged in his claim filed, and that his personal services were of the reasonable value charged therefor.

The item of $300 loaned money is not disputed. No allowance was made for the $175 burial expenses,—at least there is nothing to show that that item was included in the judgment of the circuit court. The evidence certainly tends to establish the agreement, and disputed items of the account, and the reasonableness of the amount allowed therefor. We see no legal obstacle in the way of claimant's right of recovery, if the evidence establishes the promise of deceased, as contended by him. The question of the sufficiency of the evidence is foreclosed by the judgment of affirmance in the Appellate Court.

We find no error of law in the record.

*Judgment affirmed.*